**In re Harvey L. KENNEDY,**
**Respondent.**

**No. 86–9526.**

United States Court of Appeals,
Fourth Circuit.

June 27, 1988.

## ORDER

Before the Court for consideration is Respondent's Motion for Reconsideration of the Court's Order of May 19, 1988, suspending him from practice in the United States Court of Appeals for the Fourth Circuit for six months. Respondent bases this motion on newly discovered evidence in the nature of affidavits from several members of the North Carolina Bar. After reviewing said affidavits, the Court is of the opinion that these affidavits do not contain any information which would cause the Court to change its order of May 19, 1988.

Respondent has requested a hearing on his Motion for Reconsideration. Respondent contends that Rule 46.6(i) of the Internal Operating Procedures of this Court provides that once an attorney requests a hearing under this rule, a hearing is automatic. We disagree. When this Court's suspension is based upon the disciplinary decision of the district court, the hearing contemplated by Rule 46(b) is in the nature of oral argument on respondent's challenge to proceedings before the district court. *C.f. Matter of Jafree,* 759 F.2d 604 (7th Cir.1985). Respondent appeared before this Court at oral argument in his appeal of the district court proceedings. We conclude that a further hearing is not required under these circumstances.

We have reconsidered the imposition of suspension based upon the newly proffered evidence and conclude that the evidence does not warrant a reversal of our previous order suspending Respondent from practice before this Court.

It is, therefore, ORDERED that Respondent's Motion for Reconsideration of the original order suspending him for a period of six months is denied.

ENTERED at the direction of Judge Hall with the concurrences of Judge Widener and Judge Murnaghan. Judge Murnaghan concurs since the newly discovered and proffered evidence does not justify reversal of the suspension regardless of what may be his views as to the propriety of the suspension order.